IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Bryan Barron, | ) | |
| | ) | Case No. 1:22-cr-049 |
| Defendant. | ) | |

Following a detention hearing on March 9, 2022, the court issued an order detaining defendant pending placement in a residential reentry center. (Doc. No. 17). On May 6, 2022, the court issued an order denying defendant's motion for release to Teen Challenge pending trial. (Doc. No. 33). On September 26, 2022, defendant filed what the court construes as a pro se motion requesting it to reconsider its order of detention and conditionally release defendant to his brother's residence in Minot, North Dakota. (Doc. No. 35).

The court is not presently inclined to reconsider its previous orders. First, the court is not obligated to entertain pro se motions that are filed by a represented party. See United States v. Pate, 754 F.3d 550, 553 (8th Cir. 2014); Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001). Defendant is represented by court-appointed counsel and he should look to counsel to file any motions on his behalf.

Second, defendant has not presented the court with any new information with a material bearing on the issue of detention that would warrant reopening his detention hearing. See 18 U.S.C. § 3142(f). At his detention hearing on March 9, 2022, the court determined that the release of defendant to his brother's residence was not a viable option given defendant's history.

The release options that are available, the most readily available, appears to

> be release to the defendant's brother's residence. But given the state of the record and given defendant's history, I do not believe that that's an appropriate release option without evidence of structure, oversight, supervision of a kind that goes beyond a simple ankle-monitoring-type situation.
>
> So I don't believe that's appropriate. The defendant does not have presently a job or assets to support independent living either  So I do not believe that there is an appropriate option that even with conditions will reasonably assure the defendant's appearance at future proceedings as well as the safety of the defendant in the community he would be released into, and so I'm going to be ordering that the defendant be detained.
>
> However . . . I am going to ask the defendant be placed on a list for possible placement at a residential re-entry center, and to the extent that becomes available and includes appropriate security provisions, such as regular oversight, supervision, structure, all of the things that I think would be necessary on this record to appropriately mitigate whatever risk of flight or danger attends, then that's something the Court could consider and may consider to the extent it's an approved facility and pretrial services would be in agreement with that.

(Doc. No. 20).  Defendant's motion (Doc. No. 35) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of September, 2022.

>  */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court